

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 9, 1962

Honorable V. D. Housworth
Executive Secretary
State Board of Barber Examiners
Austin, Texas

Dear Mr. Housworth:

Opinion No. WW-1256

Re: When a barber school
changes ownership but
the school remains in
the same location,
would this necessitate
the deposit of the
$200.00 original bar-
ber school fee upon
drawing up new con-
tracts and issuing
the new school license
and related questions.

You have requested an opinion from this office upon
the following questions:

"According to the provisions for licensing
barber colleges, as provided in Section 9 of
H.B. 829, when a barber school changes ownership,
but the school remains in the same location,
would this necessitate the deposit of the $200.00
original barber school fee upon drawing up new
contracts and issuing the new school license?"

"In the same light, if the ownership of a
school remains the same, but the location of the
school is changed, making it necessary for a new
approval, new contracts, and new license, would
this necessitate the deposit of the $200.00
original barber school fee?"

While Section 9(1) of Article 734a, Vernon's Penal
Code, as amended by House Bill 829, Acts of the 57th Legis-
lature, Regular Session, 1961, Chapter 287, page 601, merely
provides in connection with the change of ownership of a
barber school or college that:

"When a barber school or college changes
ownership, the Board shall be notified of the
transfer within ten (10) days from the date of
such change.",

Section 9(a) of Article 734 a, as amended by House Bill 829 provides that:

"Any firm, corporation, partnership or person desiring to conduct or operate a barber school or college in this State shall first obtain a permit from the State Board of Barber Examiners after demonstrating that said school or college has first met the requirements of this Section. . . ."

As Section 9(a) of Article 734a makes the obtaining of a permit from the State Board of Barber Examiners a prerequisite to a firm, corporation, partnership or person operating or conducting a barber school or college, we are of the opinion that upon a change in ownership of a barber school or college and regardless of whether the location of the barber college or school is changed, the new owner or owners of the barber college or school must meet the requirement of Section 9(a) of Article 734a by obtaining a permit from the State Board of Barber Examiners to conduct and operate such barber school or college. Such new owner or owners of the barber school or college would in turn have to meet the various requirements of Section 9 of Article 734a which would include the requirement contained in Section 9(h)(7) of Article 734a of submitting an application fee to the State Board of Barber Examiners in the amount of Two Hundred ($200.00) Dollars.

As to your question of whether a new application must be made, including the Two Hundred ($200.00) Dollars application fee, when a barber college or school changes its location but not its ownership, we are of the opinion that it would not be necessary to make application for another permit to operate or conduct a barber college or school under these circumstances, but it would be necessary, pursuant to Section 9(j) of Article 734a, as amended by House Bill 829, that:

"Any school or college desiring to change the location of such school or college must first obtain approval by the Board by showing that the proposed location meets the requirements of this Section."

## S U M M A R Y

A change in ownership of a barber school or college would necessitate the new owner or owners making application to the State Board of Barber Examiners for a permit to operate or conduct such barber school or college, and the Two Hundred ($200.00) Dollar application fee must be submitted to the State Board of Barber Examiners in connection therewith.

A change in location of a barber school or college, without a change in ownership, would not necessitate the obtaining of an additional permit from the State Board of Barber Examiners, nor the submitting of the Two Hundred ($200.00) Dollar application fee.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Pat Bailey
Assistant

PB:dhd

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Joe Osborn
Robert T. Lewis
Grady Chandler
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.